```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

STEVE YOUNG,                    )
                                )
            Plaintiff,          )
                                )
      v.                        )     No. 4:05CV1030(TCM)
                                )
RICHARD WRIKLE,                 )
                                )
            Defendant.          )
```

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to proceed in forma pauperis [Doc. #2].

### Background

On June 27, 2005, the Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri, provisionally issued an order granting plaintiff's motion to proceed in forma pauperis. Believing that venue was improper in the Western District of Missouri, however, Judge Smith also ordered that the case be transferred to this Court pursuant to 28 U.S.C. § 1404.

### The complaint

Liberally construed, plaintiff, an inmate at the Laclede County Jail in Lebanon, Missouri, alleges that he is being denied access to the courts because the sole named defendant, Richard Wrinkle, Sheriff of Laclede County, Missouri, has denied him access to a law library. Additionally, in an exhibit attached to the complaint, plaintiff contends that he was denied medical treatment

for his leg and kidney when he was taken to "the emergency room [and] then made to leave by the officer who transported me."[1] Plaintiff seeks relief for these alleged constitutional violations under the provisions of 42 U.S.C. § 1983.

## Discussion

The instant case should be transferred back to the Western District of Missouri pursuant to 28 U.S.C. § 1404. Pursuant to 28 U.S.C. § 1391:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

The Court agrees with Judge Smith that jurisdiction over the instant § 1983 action is not founded on diversity of citizenship. See 28 U.S.C. § 1331 and 1343. Consequently, pursuant to § 1391, venue is proper where the defendants reside or a substantial part of the events giving rise to plaintiff's claims occurred.

Neither the named defendant nor the unnamed defendant,

---

[1]The Court notes that this "transporting officer" was not named in the caption of the complaint as required by Rule 10(a) of the Federal Rules of Civil Procedure.

however, is located in the Eastern District of Missouri. Furthermore, none of the acts or omissions giving rise to plaintiff's complaint occurred in the Eastern District of Missouri.

From the complaint, it appears that both defendants are located in Lebanon, Missouri and that the acts giving rise to plaintiff's complaint occurred there. Lebanon is located in Laclede County, Missouri. Laclede County is located in the Western District of Missouri - not the Eastern District of Missouri. See 28 U.S.C. § 105(b)(5). In the interest of justice, the instant case should be transferred back to the Western District of Missouri. See 28 U.S.C. § 1404.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the instant case is transferred back to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 1404.

Dated this 18th day of August, 2005.

_____
UNITED STATES DISTRICT JUDGE